IN THE CIRCUIT COURT OF TENNESSEE FOR THE
THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

JAMES E. SMITH AND ASTRID SMITH,

Plaintiffs,

v.                                              No. CT-001244-09

                                                Division IV

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,

                                                JURY DEMANDED

Defendant.

## COMPLAINT

Come now the plaintiffs James E. Smith and Astrid Smith ("The Smiths"), by and through their attorney and for their cause of action against the defendant, Nationwide Mutual Fire Insurance Company ("Nationwide"), respectfully state to the Court as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to Tenn. Code Ann. § 16-10-101.

2. Venue is proper in this Court pursuant to Tenn. Code Ann. § 20-4-101 as all actions arose in Shelby County.

### PARTIES

3. The plaintiffs James E. Smith and Astrid Smith are adult residents and citizens of Arlington, Shelby County, Tennessee.

4. The defendant, Nationwide is a foreign corporation which conducts business and maintains an office in Shelby County, Tennessee. The defendant, Nationwide, has its principal place of business in Ohio and its registered agent for service of process is

1

**EXHIBIT 1**

J.E. Keltner, 620 E. Broad Street, Columbus, Ohio, 43215. The defendant may also be served through the Tennessee Commissioner of Commerce and Insurance, 500 James Robertson Parkway, 5th Floor, Nashville, Tennessee 37243.

## FACTS

5. On or about February, 2006, the Smiths entered into a homeowners insurance contract with Nationwide (hereinafter "The Contract") to cover their residential home located at 4527 New Airline Road in Arlington, Tennessee. A true and accurate copy of The Contract is attached hereto and incorporated herein by reference as **Exhibit 1**.

6. Among the policy provisions in The Contract is a Property Coverage Section (Section 1) which covers the "residential dwelling" as well as "personal property owned or used by the insured at the residence premises."

7. Additional policy provisions in The Contract include payments for "Loss of Use" if a loss required the Smiths to leave the residential premises.

8. The Contract also includes coverage for "Reasonable Repairs", "Property Removed" and "Household Supplies."

9. On March 14, 2006, a fire originated in the garage at the Smith's residence and spread smoke and fire throughout the house.

10. Although the fire department was present, fire and smoke damage destroyed everything in the Smith's home causing the Smiths to move out and to replace the majority of their personal property.

2

11. The Smiths timely filed a claim for damages with Nationwide and were put in touch with Kristy Stewart ("Ms. Stewart"), a Nationwide adjuster located in Shelby County, Tennessee.

12. Ms. Stewart gave the Smiths the name of an approved Nationwide contractor to assist in necessary repairs and rebuilding.

13. The Smiths had to hire a moving company to remove some of the salvageable personal property items from the home and paid out of pocket expenses for this.

14. For 5-7 months, the Smiths obtained temporary housing at a local hotel.

15. The Smiths continued to subsequently submit to Nationwide timely insurance claims for out of pocket living expenses and personal property losses.

16. Nationwide initially began reimbursing the Smiths for these expenses, however reimbursements were consistently delayed and not timely.

17. In approximately August, 2006, the Smiths were informed that their residence at 4527 New Airline Road had been repaired and restored from the fire and that the home was habitable, and thus ready for them to move in.

18. When the Smiths arrived at their residence, to their shock, the residence was still covered with thick soot from the fire and not habitable.

19. After speaking with the adjuster, Ms. Stewart and the contractor, the Smiths were assured by both Nationwide and the contractor that they would "make it right."

20. Several weeks passed without any positive action taken by Nationwide or the contractor and the Smiths felt that their appeal to have the residence restored to a habitable condition was ignored.

21. The Smiths then hired ServiceMaster to come to the residence to remove the layer of soot and the Smiths paid the ServiceMaster fees out of their personal funds.

22. The Smiths have also timely filed additional claims for personal property losses as well as out of pocket costs for repairs to the residential dwelling.

23. Nationwide has not reimbursed the Smiths for their out of pocket expenses. Moreover, Nationwide alleges that some of the Smiths expenses are duplicates and they will not be reimbursed. However, Nationwide has failed, and continues to fail, to specifically identify what are duplicate claims and therefore not compensable.

24. The Smiths have communicated with Nationwide and made numerous demands for payment and attempts to determine what has been paid by asking for an accounting of all expenses Nationwide has paid to or on behalf of the Smiths.

25. To date, the Smiths have not received this information.

26. Nationwide's agent has stated that Nationwide cannot determine what has been paid because their records are disorganized and therefore confusing.

## COUNT I (BREACH OF CONTRACT)

27. Plaintiffs re-allege and incorporate Paragraphs No. 1 through 26, as if fully set forth herein.

28. The defendant has violated, and thereby breached, the terms of its Contract issued to the plaintiffs to cover fire damage to the dwelling and personal property losses.

29. The plaintiffs are entitled to payment of all coverage due under The Contract including, but not limited to, out of pocket payment for expenses and loss of personal property.

and refusal of Nationwide to pay this claim has inflicted additional expense, loss, or injury, including attorney fees, on the Smiths.

### COUNT III (VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT)

36. Plaintiffs re-allege and incorporate Paragraphs No. 1 through 26, as if fully set forth herein.

37. At all times pertinent to this claim, the Tennessee Consumer Protection Act, Tenn. Code Ann. 47-18-101, *et seq.*, was in full force and effect.

38. The Tennessee Consumer Protection Act provides, in part, as follows:

> Any person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part, may bring an action individually to recover actual damages.

Tenn. Code Ann. 47-18-109(a)(1)(2002).

39. Nationwide is guilty of unfair or deceptive acts or practices in that it sold to the plaintiffs and collected insurance premiums under the homeowners policy yet it refuses to pay benefits in accordance with the terms of The Contract, despite the plaintiffs fire loss and despite the plaintiffs demand that Nationwide honor its contractual obligations and commitments under The Contract.

### DAMAGES AND PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray that this Court enter a judgment against the defendant as follows:

1. Ordering Nationwide to pay to the plaintiffs the entire amount of dwelling repairs and personal property out of pocket expenses due under The Contract issued by Nationwide in the amount of at least $66,224.35;

2.  Ordering Nationwide to pay to the plaintiffs' prejudgment interest on all amounts awarded to them in this action;

3.  Ordering Nationwide to pay an additional 25% pursuant to Tenn. Code Ann. 56-7-105(a) for its failure to make timely repairs and reimburse out of pocket expenses in accordance with the terms of The Contract;

8.  Ordering Nationwide to pay the costs of this cause including the Smiths reasonable attorney fees; and

9.  For all such further and general relief to which it may be entitled.

RESPECTFULLY SUBMITTED,

HARRIS SHELTON HANOVER WALSH, P.L.L.C.

By: _____
Jonathan E. Scharff        #16890
Margaret J. Young          #25046
One Commerce Square, Suite 2700
Memphis, Tennessee 38103-2555
(901) 525-1455

Attorneys for Plaintiffs
James and Astrid Smith